76 F.3d 382
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Mike KRUCKENBERG, doing business as Old Stone Mill Antique
Mall, Plaintiff-Appellant,
v.
Gary ABRAMSOHN, Cady Insurance Agency, Inc. Defendants-Appellees.
 No. 95-2115.
 United States Court of Appeals, Eighth Circuit.
 Submitted: December 11, 1995.
Filed: February 14, 1996.
 
 1
 Before BOWMAN and LOKEN, Circuit Judges, and SCHWARZER,* District Judge.
 
 
 2
 SCHWARZER, District Judge.
 
 
 3
 Mike Kruckenberg sued his insurance agent, Gary Abramsohn, for negligently misrepresenting the insurance coverage on the former's property. Various other claims involved in the litigation have been resolved and are not before us. The jury returned a verdict for Kruckenberg and found total damages at $144,178.08. The district court[1] adjusted the damages award to $115,342.64 to account for the jury's allocation of fault. It then granted Abramsohn's motion for judgment as a matter of law on the ground that under Iowa law the verdict for professional negligence could not be sustained in the absence of expert evidence on the applicable standard of care.
 
 
 4
 The district court had subject matter jurisdiction under 28 U.S.C. § 1332 and we have appellate jurisdiction under 28 U.S.C. § 1291. Viewing the evidence in the light most favorable to Kruckenberg, we review de novo the district court's grant of judgment as a matter of law. See Nat'l Farmers Union Standard Ins. Co. v. Souris River Tel. Mut. Aid Coop. and Warren Hight, --- F.3d ----, 1996 WL 34629, * 4 (8th Cir.1996).
 
 
 5
 Planning to open an antique mall in downtown Burlington, Iowa, plaintiff Kruckenberg contacted the Cady Insurance Agency to discuss his insurance needs. Cady assigned Kruckenberg to Abramsohn, one of its agents. One of the requirements imposed by the owner of the buildings whose purchase Kruckenberg was contemplating was that the buildings be insured at an 80% replacement cost basis. Abramsohn explained that such insurance would be either unavailable or prohibitively expensive. As an alternative, he recommended functional replacement basis insurance which would cover only the portions of the building being used. In April 1991, Kruckenberg purchased the buildings and took out the insurance policy.
 
 
 6
 The buildings purchased consisted of the Old Stone Mill and the adjoining Annex. When Kruckenberg took out the policy, in the face amount of $210,000, he planned to use only two floors of the Old Stone Mill and expected the coverage to be limited to that space. Abramsohn told Kruckenberg to contact him if he planned to use additional space in the two buildings.
 
 
 7
 About nine months later, Kruckenberg contacted Abramsohn to tell him that he planned to rent out additional space located in the Annex to one Augsberger and that he wanted coverage for the Annex. Abramson told him "that he would cover it." Kruckenberg did not ask that the policy limits be increased. Shortly after this conversation, Abramsohn called back and told Kruckenberg "that he sold Augsberger a policy of insurance, and... .... [that Kruckenberg] was an additional insured on that policy, and ... [that Kruckenberg] was fully covered." Kruckenberg testified that he "thought that... .... [Abramsohn] had raised the limits of the policy," but he did not specifically ask him to do so and Abramsohn did not say that he had.
 
 
 8
 About a month later, the Annex went up in flames and the Old Stone Mill building was damaged. Kruckenberg learned that the cost of repair would be $293,371 and that his "[policy] limits were still at $210,000." Kruckenberg decided instead to sell the buildings to antique dealers for $5,000. He used the insurance proceeds received of $147,572 to pay off remaining restoration debts.
 
 
 9
 The case went to the jury on instructions that in relevant part required it to determine whether Abramsohn had "negligently supplied to plaintiff information that the Annex building ... was fully insured and that representation was false." The court further instructed the jury that "[a] person negligently supplies information by failing to exercise the reasonable care or skill of a person in the same business or profession in obtaining or communicating the information." The jury found for Kruckenberg. The district court granted Abramsohn's motion for judgment as a matter of law on the ground that Iowa law required competent expert testimony to prove the standard of care Abramsohn owed Kruckenberg. In the absence of such testimony, the jury verdict could not stand.
 
 
 10
 We agree. In Humiston Grain Co. v. Rowley Interstate Transp. Co., Inc., 512 N.W.2d 573, 576 (Iowa 1994), the Iowa Supreme Court held:
 
 
 11
 where an insurance agent is alleged to have breached a professional duty, if the error or omission extends beyond the agent's mere failure to procure coverage requested and paid for by the client, proof of the standard of care applicable to the circumstances must be established by expert testimony.
 
 
 12
 This is not a case in which the agent failed to procure coverage requested by the client. In fact, there is no dispute that the Annex, which burned, was covered. The dispute is over whether Abramsohn negligently misinformed Kruckenberg about the amount of coverage or misled him into believing that it had been increased. Whether Abramsohn was negligent turns, as the jury instruction correctly stated, on whether he exercised the reasonable care of a person in the same business or profession in communicating information. Proof of the applicable standard of care requires expert testimony; Kruckenberg offered none. His argument that Abramsohn's testimony satisfies the requirement is unavailing; Abramsohn testified only that he considers himself under a "duty to provide correct information [to clients]." This testimony does not address the issue whether in the circumstances of this case, an insurance agent has a duty to call the client's attention to the policy limits or independently increase them.
 
 
 13
 In light of our disposition of this appeal, Kruckenberg's claim that the district court erred in excluding testimony regarding his lost past and future profits is moot.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The HONORABLE WILLIAM W SCHWARZER, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 [1]
 The Honorable Charles W. Wolle, Chief Judge, United States District Court for the Southern District of Iowa